## Higgins v. Dean Gas Engine & Foundry Co.

(Decided September 22, 1910.)

### Appeal from Kenton Circuit Court
### (C. C. L. & E. Division).

Sale of Fairbanks-Morse Engine and Appliances—Failure of Guaranty—Action and Trial Before a Jury.—The Dean Gas Engine and Foundry Company made a written contract with C. G. Higgins to furnish him a Fairbanks-Morse Engine with certain attachments, on his property in Covington, Ky., at the price of $525.00 net, in which the company guaranteed the complete equipment for twelve months, $100.00 to be paid on delivery, and the balance by two notes due in thirty and sixty days. The foundation was built and the engine placed upon it. Higgins paid $100.00, and the engine not working to suit him, he refused to execute notes for the deferred payments, and the suit was brought to recover the balance of the purchase money. Held, that when the engine was set up the vender was entitled to a reasonable time to get everything adjusted and put in running order, and if it did this Higgins could not refuse to take it.

B. F. GRAZIANI for appellant.

ROBT. C. SIMMONS for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The Dean Gas Engine and Foundry Company entered into a written contract with C. G. Higgins by which they were to furnish him a certain Fairbanks-Morse engine, with the generator and switchboard to be erected on a suitable foundation on his property in Covington, Kentucky, price $525.00 net. They were also to furnish gasoline attachment, piping and foundation, but he was to get the place ready and furnish certain brick and sand; $100.00 was to be paid cash on delivery, and for the balance two notes were to be executed, due in thirty and sixty days. The contract contained the following guaranty:

"We guarantee the complete equipment against defect in material or workmanship for twelve months, and we will replace any defective parts promptly without charge, the above not to include life of batteries, points or ordinary wear of working parts."

The foundation was built and the engine placed upon it. Higgins paid $100.00, but the engine not working to

suit him, he refused to execute the notes for the deferred payments, and this suit was brought against him by the company to recover the balance of the price of the engine. He refused upon the ground that the plaintiff had failed to equip or complete the engine with proper material or workmanship or to put upon it an air mixer, which was necessary for its operation; that the engine as put up was useless and could not be used by him for the purposes intended. He made his answer a counterclaim, praying judgment over for the $100.00 he had paid, and certain expenses he had incurred. The case was set down for trial before a jury; the evidence was heard, and the jury returned a verdict against Higgins for the amount sued for. The court entered judgment on the verdict and Higgins appeals.

Some complaint is made as to the rulings of the court in the admission and rejection of evidence; but we can not see that the defendant was in any wise prejudiced by the rulings of the court. In fact, the court ruled in his favor on practically all the questions arising during the trial. The defendant was permitted when on the stand as a witness to state that he refused to give the notes and why he refused to give them. It would seem that the court's ruling on an answer which is now complained of, was based upon the idea that the witness had already stated the facts. Every fact contained in the avowal had been stated by the witness, and this being true, the court in its discretion might decline to allow the same matters to be gone over a second time. The defendant could not have been prejudiced by the court's allowing a witness to state the value of one of the attachments which was produced before the jury. These are practically the only matters complained of in the admission of evidence. The belt was brought before the jury and shown the jury, and the fact that one of the jurymen remarked to another juryman what the appearance of the belt indicated to him was not misconduct on the part of the juror. They could all see it and form their own ideas as to what its appearance indicated.

The main complaint on the appeal is that the verdict is palpably against the evidence. The defense rested upon the ground that the defendant bought the engine to run his electric light plant and that the plaintiff had failed to properly set up the engine and by reason of this it was valueless because it would not operate the light

plant.  He introduced much evidence to sustain this conclusion, and showed among other things that he supplied the plaintiff with forty gallons of gasoline which it used, and when this was used up its agents who were trying the engine said in substance that it would not work, and they could not make it work.  On the other hand, the plaintiff proved by a number of witnesses that after all this had occurred, the plaintiff got other gasoline and corrected the troubles that were in the engine until it was got into perfect running order, which was done in two or three days, and that Higgins then refused to see the engine run, or to allow it attached to the light plant.  This proof also shows that it often takes several days to get everything adjusted so that a gasoline engine will run right, and that the time that was taken was not unusual.  The whole time taken was less than a week, and so the time was not unreasonable.  When the engine was set up the vendor was entitled to a reasonable time to get everything adjusted and put the engine in good running order; and if it did this, Higgins could not refuse to take it.  The case was submitted to the jury under instructions which the defendant himself asked, and which seems to us to fairly cover the law of the case.  The issue was so simple that the jury could not have misunderstood it under the instructions, and we see no way to account for the verdict of the jury except upon the idea that the jury believed the witnesses for the plaintiff.  If the jury believed these witnesses, we cannot say that their finding is unwarranted, and we can not reverse the case merely because the jury believed one set of witnesses rather than another.

Judgment affirmed.