### Gatton, et al. v. Dobbin, et al.

(Decided March 16, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas, First Division).

1. Landlord and Tenant—Sub-Tenant.—Where the owner leases ground and the tenant sub-lets to another, the sub-tenant occupies no better position than his immediate lessor, and the same state of facts that would justify a cancellation of the lease as to the original tenant, would be grounds for its cancellation as to the sub-tenant.

2. Same—Acceptance of Rent—Ratification of Sub-Lease.—Where the owner of ground leases to a tenant who sub-lets to another, and the lease was canceled, the mere receipt of rent by the owner from the sub-tenant, after the cancellation of the lease, is not conclusive of the owner's intention to acknowledge the sub-tenant's tenancy under the lease. Whether the acceptance of the money was an acknowledgment of the tenancy under the lease or of an entirely different tenancy, is a question for the jury, and in its

determination, the jury may consider all the facts and circumstances attending the transaction.

3. Same—Forcible Detainer—Instructions.—In an action of forcible detainer, instructions examined and held not prejudicial.

4. Same—Forcible Entry and Detainer—Evidence.—In an action of forcible detainer, evidence examined, and held to support a verdict in favor of the plaintiff.

THOS. E. HALL, J. W. S. CLEMENTS for appellant.

BURNETT & BURNETT for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellees, Alice F. Dobbin and others, are the owners of a lot of ground on Walnut street, Louisville, Kentucky, and on March 11, 1905, they leased the ground to Albert T. Schranz for a period of twenty-five years. Schranz was to pay a ground rent of $22.50 per month, and also all taxes, insurance, water bills, street improvements, etc., during the life of the lease. The lease further provided that certain improvements located on the lot belonged to Schranz, and that he had the right, upon the expiration of the lease, to remove them within thirty days. There was a further provision to the effect that the lessors might, at their option, upon ten days' notice to the lessee, declare the lease to be null and void upon the failure of the lessee to pay the rent when due. The lease was duly recorded in the Jefferson County Clerk's office. Schranz held possession of the ground under the lease until May, 1909. He failed to pay the taxes at all, and paid but little rent. He had all of the rooms in the property rented out to negro tenants. On October 14, 1908, by a deed which was regularly recorded in the Jefferson County Clerk's office, he sold the improvements on a certain portion of the premises of Sylvester Gatton, and sublet to him the ground covered by the buildings, in consideration of a ground rent of $2.25 per month, and the payment of such taxes and assessments as might be levied against the lot. To prevent the ground from being sold for non-payment of taxes, the lessors brought suit against Schranz to annul the lease, for possession of the premises, and for damages. On May 11, 1909, judgment was entered in favor of the lessors, annulling the lease, awarding possession and assessing damages at $100. On August 3, 1909, a

writ of possession was awarded and the lessors put in possession of the property.

While there is evidence that Gatton paid the ground rent to Schranz, Schranz did not pay the rent to the original lessors. After the judgment awarding the original lessors possession of the premises, Gatton continued to occupy the premises for several months.

In the month of November, 1910, the appellee, Alice F. Dobbin, by the Louisville Trust Company as her agent, instituted this action of forcible detainer against Sylvester Gatton and others, to recover all that portion of the premises occupied by them. In that action, appellants Sylvester Gatton and others were found guilty, and judgment went in favor of the appellees. On appeal to the Jefferson Circuit Court, a trial by jury again resulted in a judgment for appellee. From that judgment this appeal was prosecuted.

It is insisted that the court erred in admitting as evidence the judgment in favor of appellees against Schranz, and also in the instructions given to the jury. Even admitting that the judgment was improperly admitted as evidence, because of the facts that Gatton was not a party to the proceedings, it is conceded by appellants that Schranz failed to pay the rent provided for in the lease. That being true, there was a violation of the terms of the lease, which was as effective against appellants as it was against Schranz. In other words, appellants, in becoming sub-tenants of Schranz, did not acquire any better position than Schranz occupied, and the same state of facts that would justify the cancellation of the lease as to Schranz would be grounds for its cancellation as to appellants. (Trabue v. Adams, 8 Bush, 78.)

But it is insisted that appellees waived the ground of forfeiture and ratified appellants' tenancy under the lease, by the acceptance of rent. Upon this question, appellants' evidence is to the effect that he and his attorney went to appellee's attorney, and, showing him the lease under which appellants claimed to hold, paid him $15 for six months' rent in advance. Subsequently appellants paid two months' rent to the Louisville Trust Company, Mrs. Dobbins' agent. According to the evidence for appellees, appellant Gatton knew that Schranz' lease had been canceled, and made frequent visits to the office of the attorney for appellees to make some new

arrangement. Upon one occasion, the attorney accepted the $15, which was for six months' rent in advance. At the time no lease had been presented to him by the appellants, and he expressly stated that he had nothing further to do with Schranz, or any lease made by him. After the expiration of the time for which the rent was paid, negotiations were opened between Gatton and the Trust Company as to the making of a new lease, and a reasonable ground rent, the owner desiring $6 per month, while Gatton declined to pay that sum. Gatton testifies that during that time he did tender the rent at the rate of $2.50 per month, but that appellee's agent declined to receive same.

With the exception of the fourth instruction, which refers to the form of the verdict, the court instructed the jury as follows:

"1. The defendant, Sylvester Gatton, acquired no right to or interest in the ground mentioned in the evidence unless the jury believe from the evidence that Mrs. Dobbins' attorney, Mr. Burnett, accepted and recognized Mr. Gatton as tenant under the terms of the twenty-five (25) year Schranz lease. Unless you believe that such was the fact, then the defendant was a tenant at will and the plaintiff had the right to eject the defendant from the ground upon giving one months' notice.

"2. Unless the jury believe from the evidence that Mrs. Dobbins' attorney, Mr. Burnett, accepted and recognized the defendant Gatton as tenant under the terms of the twenty-five (25) year Schranz lease, and that on November 7, 1910, the defendant Gatton had paid or had offered to pay the rent then due, and had paid all taxes, insurance, water bill, street improvements, and all expenses against the property, then the law is for the plaintiff, and the jury should so find.

"3. But if the jury believe from the evidence that Mrs. Dobbins' attorney, Mr. Burnett, accepted or recognized the defendant Gatton as tenant under the terms of the twenty-five (25) year Schranz lease, and that Gatton, on November 7, 1910, paid or offered to pay the rent then due, and had paid all taxes, insurance, water bill, street improvement, and all expenses against the property, then the law is for the defendant and the jury should so find."

The appellants offered the following instruction:

"The court instructs the jury that if they believe from the evidence that the attorney and the agents of plaintiffs received and retained rent on or under the lease which defendant Gatton held from Schranz, then in law it was a ratification and acceptance by plaintiffs of the defendant Gatton as their tenant, and in that event, the law is for the defendants and so the jury should find."

For appellants is is insisted that the instructions given by the court were erroneous because all that was necessary to establish the relation of landlord and tenant was the mere acceptance of rent under the lease. It is the rule, however, that the receipt of rent is only a prima facie acknowledgment of the existence of a tenancy, and is always subject to explanation. It is a question of fact whether a payment of rent is intended as an acknowledgment of a tenancy. (Taylor's Landlord and Tenant, 9th Edition, Sec. 23.)

The question in this case is whether or not the acceptance of the rent was intended as an acknowledgment of a tenancy under the lease or at will. The mere receipt of the rent was not conclusive of the question, but it was for the jury to determine from all the circumstances attending the transaction. Under this view of the case, we conclude that the instructions were not misleading. Nor can we say that the finding of the jury was flagrantly against the evidence. While appellees' attorney testifies to one state of facts, and appellant and others testify to a different state of facts, the evidence of appellees' attorney is confirmed to a certain extent by the fact that while the ground rent which appellant agreed to pay Schranz was $2.25 per month, he actually paid to appellees' attorney $2.50 per month, which is a circumstance tending to show a payment not under the lease, but under a tenancy entirely different.

Finding no error in the record prejudicial to the substantial rights of the appellants, it follows that the judgment should be affirmed, and it is so ordered.