## Felty v. Felty.

(Decided April 28, 1915.)

### Appeal from Greenup Circuit Court.

1. Libel and Slander—Alienating Affections—Joinder.—While an action for slander which is, one for injury to character, and an action for alienation of affections of a spouse, which is one for injury to the person, cannot be joined, yet where in an action for slander the false accusation which results in the injury to

character also results in injury to the person by causing the separation of man and wife, the latter may be pleaded in the slander action as special damages to increase the recovery.

2. Libel and Slander—Damages—Pleading.—But, pleading special damages in the slander action would be a bar to a recovery for alienation of affections in a separate action.

3. Trial—Stenographer's Transcript.—Where on the second trial of an action the evidence of a witness taken down by the official stenographer on the first trial is read without filing the affidavit required by Section 4643 of the Kentucky Statutes, it is not prejudicial if the evidence so introduced was substantially admitted by the adverse party in his own testimony.

4. Libel and Slander—Privileged Communication.—It cannot constitute a privileged communication for one to circulate at random in his neighborhood among his friends, who are not directly interested in his family affairs, reports made to him by certain members of his family, which, if false, constitute a slander upon another member thereof, even though he at the time, in good faith believed the statement to be true, and made it without malice, and in answer to an inquiry from persons who had no direct interest in the matter; such statement not being made in the protection of his own interest or in the performance of a duty to society.

J. B. BENNETT for appellant.

E. E. FULLERTON and S. S. WILLIS for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

A few years prior to 1912 appellee married Albert Felty, the son of appellant. They lived most of their married life on the farm of appellant in Greenup County.

In July, 1912, Albert Felty left the appellee and has not since lived with her.

In December, 1912, appellee instituted this action for slander against appellant, Jeff Felty, her father-in-law, alleging, in substance, that he had during the year 1912 falsely and maliciously charged her with the offense of adultery, and that as a result of these false and malicious charges her husband, Albert Felty, had deserted her and she had thereby been deprived of his companionship and support.

A demurrer was sustained to the original petition by the lower court, and the first trial was had on the allegations of an amended petition; at the conclusion of the plaintiff's testimony upon that trial the defendant asked for a peremptory instruction, and pending that motion the plaintiff was permitted to file another

amended petition, whereupon the court set aside the swearing of the jury and continued the case. The second trial was had upon the allegations of the third amended petition, and that trial resulted in a judgment and verdict for the plaintiff for $500, from which this appeal is prosecuted.

The allegations of that amendment were, in substance, that the defendant had, in 1912, falsely and maliciously spoken of the plaintiff in the hearing of certain witnesses that she had been guilty of adultery with Henry Felty, her brother-in-law, more than one hundred times, and that she had been guilty of adultery with Charlie Felty, another brother-in-law, four times; that at the time the said words were so spoken she and her said husband, Albert Felty, were living together peacefully and comfortably, and that said false words so spoken by the defendant caused a separation between her and her husband whereby she had ever since been deprived of his companionship and support.

In his answer to this amendment the defendant, in the first paragraph, denies the speaking of the words; in the second paragraph, after denying the speaking of the words, he says that before that time he had been informed, and in good faith believed, that the charge was true, and that the charge of adultery, if any, by him was true; in the third paragraph, still denying the utterance of the words, he admits having a conversation with the witnesses named concerning the plaintiff, and that upon inquiry from the said witnesses, who were his friends and acquaintances, as to the cause of separation between Albert Felty and his wife, all of whom were interested in the social affairs of the community, he did state to them, in substance, that he had information from Henry Felty and Charlie Felty to the effect that they had each had sexual intercourse with the plaintiff, and that he at the time believed the said statements to be true, and that they were not made voluntarily, but upon inquiry and in confidence to his friends and neighbors, and without any malice upon his part, and in a reasonable performance of his duty to society.

Not only did the evidence of the plaintiff show the speaking of the words substantially as alleged, but the defendant in his own evidence admitted their utterance.

It is contended by appellant that an action for slander and one for alienation of affections of a spouse

cannot be properly joined, and for that reason the alien-. ation of affections of the spouse cannot be properly pleaded as special damage in an action for injury to' character. Under the provisions of Section 83 of our Civil Code of Practice an action for slander, which is one for injury to character, and an action for aliena-: tion of affection, which is one for injury to the person, cannot be joined—and, in fact, they are not joined, or attempted to be joined, in this action. But that does not constitute any good reason why in an action for injury to character, if the charge which results in the injury to character also results in injury to the person, the latter may not be properly pleaded to show special damages to increase the recovery.

If, in this action, the plaintiff was limited to a recovery for the damage to her character alone, it would be necessary for her to resort to a separate action to recover the additional damage to her person. It is never the policy of the law to encourage additional or unnecessary litigation, and such a ruling would necessarily so result. But the pleading of such special damage resulting in the separation of the husband and wife would, from the nature of things, be a bar to a recovery for alienation of affections in a separate action, for it is fundamental that there can be but one recovery for one damage.

Upon the second trial the court permitted the evidence of two witnesses given upon the first trial to be read from the transcript of the evidence taken down by the official stenographic reporter taken at the first trial, without the filing of the affidavit by the plaintiff required by Sec. 4643 of the Kentucky Statutes, and it is insisted for appellant that this was reversible error. But the evidence given by these two witnesses on the first trial was substantially admitted as true by the defendant himself on the second trial, and it certainly was not prejudicial to the defendant to admit the introduction of evidence which he himself did not deny in his own evidence.

It is insisted for appellant that the whole evidence showed his plea of qualified privilege in his answer to the third amended petition to be true, and for that reason he was entitled to a peremptory instruction. It is true that the evidence showed that the defendant in uttering the slanderous words did so in response to in-

quiries from the persons to whom they were uttered, and that at the time he stated the source of his information and disclaimed any personal knowledge of the truth thereof, and his argument is that under the rule laid down in Sharp v. Bowlar, 103 Ky., 282, they constituted a privileged communication.

The definition of confidential and privileged communications laid down in that case is as follows:

"1st. That the communication was made by the defendant in good faith, without malice, not voluntarily, but in answer to an inquiry, and in the reasonable protection of his own interest or performance of a duty to society.

"2nd. That the defendant must honestly believe the communication to be true.

"3rd. There must have been reasonable or probable grounds known to him for the suspicion.

"4th. That the communication, if made in answer to an inquiry, must not go further than to truly state the facts upon which the suspicion was grounded, and to satisfy the inquirer that there were reasons for the suspicion."

Under that definition, not only must the communication be made in good faith, without malice, upon reasonable grounds and in answer to an inquiry, but in addition thereto it must be made by the defendant either in the protection of his own interest or the performance of a duty to society. It is not pretended in this case that it was necessary for the defendant in his own interest to make these statements, nor are we able to see what duty to society he was performing in detailing to the neighbors, who had no direct interest in the matter, slanderous reports circulated by members of his own family against other members thereof. It cannot constitute a privileged communication by one to circulate at random in his neighborhood among his friends, who are not directly interested in his family affairs, reports made to him by certain members of his family which, if false, constitute a slander upon other members thereof.

There was no question of privileged communication in this case, and the court should have sustained a demurrer to the third paragraph of the answer to the third amended petition.

This leaves in the case only the question of the truth or falsity of the charges detailed by the plaintiff, to-

gether with the special damages alleged, and these questions were fairly submitted to the jury in the instructions.

The evidence by the plaintiff herself showed that the charges were false, and in addition thereto she showed by numerous persons in the neighborhood a good reputation; and while the defendant did introduce the evidence of his two sons and other members of his family to substantiate the truth of the charges, we are unable to say that on this question the verdict is palpably against the evidence.

The instructions fairly submitted to the jury the only questions of fact which should have been submitted to them, and we are not inclined to disturb their verdict.

While many technical questions are urged for reversal we see no prejudicial error in the record and the judgment is affirmed.