## Garrison v. Commonwealth.

(Decided March 15, 1916.)

### Appeal from Campbell Circuit Court.

1. Criminal Law—Continuance—Affidavit for—Diligence.—An affidavit for a continuance which fails to disclose that the applicant or his attorneys made any effort whatever in the six days which elapsed between the setting of the case for trial and the trial thereof, to procure the attendance of the absent witnesses, does not show diligence.

2. Criminal Law—Continuance—Witnesses—Attendance.—Where the county in which the trial is had and the county in which the absent witnesses reside are within sixty miles of each other and directly connected by railroad, six days is sufficient time in which to procure their attendance.

3. Criminal Law—Anti-Sweating Act.—The Anti-Sweating Act was not intended to prevent the accused from making a voluntary statement with reference to the crime with which he is charged, and such evidence is competent when the statements are shown to have been made by him to officers without threats, intimidation or holding out to him of any hope of reward or immunity.

4. Criminal Law—Evidence—Statement of Accused to Officers.— Even if the evidence of his statements given by the officers had been incompetent it would not be prejudicial in this case because the defendant in his own evidence substantially admits the facts to be as contained in the statements made by him to the officers.

5. Criminal Law—Argument of Counsel.—The statement made by an attorney in argument of a case where the defendant is charged with rape that he was a negro and had thick lips, a blunt nose and receding forehead only called attention to that which the jury already knew; and the denunciation of the defendant as a "beast" was a mere figure of speech and could have been treated by the jury only as a reference to the defendant's infamous conduct shown by his own evidence.

6. Criminal Law—Argument of Counsel.—While this court will not approve the use of extravagant and abusive language in argument, in the light of the evidence in this case the language used by the attorney could not have been misunderstood by the jury, and could not have inflamed their minds against him any more than his own admissions on the stand.

7. Criminal Law—Appeal and Error—Bill of Exceptions—Bystanders. —Where the bill of exceptions fails to show the conduct of bystanders during the trial, complained of by appellant, such alleged error cannot be considered by this court.

WILLIAM F. CLARKE and FRANK P. SHAW for appellant.

M. M. LOGAN, Attorney General, and D. O. MYATT for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant was indicted in the Campbell Circuit Court charged with the crime of rape committed upon a female over sixteen years of age, and upon his trial was found guilty and his punishment fixed at death.

The evidence is that appellant is a young negro eighteen or twenty years of age, who was raised in Mason county, Kentucky, and that about the 25th or 26th of July, 1915, he left that county and proceeded on foot toward Campbell county; that about noon on the 28th of July he called at the kitchen door of the prosecuting witness, a young married woman, about 19 years of age, at Oneonta, in Campbell county, Kentucky, and asked for some matches; that no one was at home other than the prosecuting witness and her infant child; that after receiving the matches he asked for something to eat, and upon being informed that she had nothing he then asked for a drink of water, and was directed to the spring; he then again asked for something to eat and was given three apples, but seeing some plums in the

kitchen, he requested that she procure a paper bag and give him some of them. When she turned to comply with this request he followed her into the house, grabbed her by the throat, struck her on the side of her head with his fist, and after threatening to cut her throat with a knife which he had in his hand, threw her against a chair and onto the floor and accomplished his purpose.

Her throat bore the marks of his fingers and her side showed the bruises she had received in falling against the chair. After this he demanded money of her and required her to go and get a five dollar bill which she had and give it to him.

She then left the house to look after her child, which was out in the yard, and he again demanded that she return to the house with him, which she refused to do; but about that time a man came in sight approaching the house and he ran and temporarily made his escape.

That same afternoon, however, he was arrested when trying to get two fishermen to take him across the Ohio river in their boat, was taken before the woman and positively identified by her, and the five dollar bill found concealed in one of his shoes, and the knife, which she says he had, was found open in one of his pockets.

He was indicted on the 9th day of October, 1915, and on the same day attorneys were appointed to defend him, and on the 15th day of October he was tried and convicted as above stated.

He remained in jail from the day of his arrest until the day of his trial.

Four grounds for reversal are relied upon:

(1) That the court erred in not granting a continuance.

(2) That it erred in the admission of incompetent evidence.

(3) Because of the misconduct of the county attorney in his argument; and

(4) Because of the conduct of bystanders in the court room during the trial.

The only real defense was that the defendant was not responsible for his acts because of being addicted to the use of morphine, and because at the time he was under the influence of the same to such an extent as not to be responsible for his acts. The defendant himself on the witness stand admits practically every material statement made by the prosecuting witness; he admits

that he was at the house, that he followed her into the kitchen, that he grabbed her by the neck or throat, that she was thrown against a chair and onto the floor, and that he remembered to have been down on his knees on the floor in front of her, but professed not to remember whether he had actually had intercourse with her. He admits receiving the five dollar bill from her, but denies having drawn a knife on her or threatening to cut her throat or having struck her.

So that it will be seen that the only defense was that he was not responsible for his acts by reason of the alleged excessive use of morphine.

The affidavit filed for a continuance is as follows:

"The defendant, Harry Garrison, says that he has been all his life a resident of Mason county, Kentucky; that he lived from the time he was a small boy until the spring of 1915 in the family of Ella Murphy, of Mason county, Kentucky; that said Ella Murphy would testify if present that the defendant had lived in her family as a servant for the length of time set out above; that he had always maintained a good reputation and had never been in any trouble of any kind.

"Affiant further says that for three years past he has been a victim of the morphine habit, and that he had not been cured of same at the time he is accused of having committed the crime complained of in the indictment; that Henry Taylor, Lige Payne and William Morton, all of Mason county, Kentucky would, if present, testify that the defendant was addicted to the use of morphine as set out above.

"Defendant says that he is not making this affidavit for the purpose of delay, and that the evidence of the above mentioned witnesses is necessary for the purpose of establishing the fact that his condition was such that he was not a free agent or criminally responsible. Defendant says that he has not had time since consultation with counsel, to take proper steps to procure the attendance of said witnesses."

It will be observed that this affidavit nowhere discloses that appellant made any effort whatever, between the 9th of October, when the indictment was returned, and the 15th of October, when his trial was had, to procure the attendance of the witnesses referred to; it does not disclose that any process was issued or sent to Mason county to procure their attendance, although

Campbell county and Mason county are less than sixty miles apart, and there is direct railway communication; the affidavit does not state that if the witnesses could be produced they would testify as set out in the affidavit, or that such testimony would be true, and it does not even pretend that the witnesses would testify to facts showing, or tending to show that appellant had become so addicted to the use of morphine as to lose his power of self-control so that he did not know right from wrong.

The defendant on the trial testified that for at least three years he had been addicted to the use of morphine; that he had been in the habit of buying it in boxes containing pellets, but could not state the size of the boxes or how much morphine the pellets contained; he stated that when he left Mason county he had two of these boxes and used it all up in the two or three days that he was making the trip and consumed the last of the last box an hour or two before the commission of the crime.

On the other hand, at least two physicians who examined appellant at or about the time of his arrest—including the jail physician—testified that his general appearance and looks did not indicate that he had been addicted to the excessive use of morphine; that since his incarceration in jail he had not had any morphine, and that if he had been accustomed to the use of any considerable quantity of it his conduct upon being shut off entirely from the use of it, would have necessarily been different from what it was.

In the light of this testimony on the trial and the utter failure to show any diligence to procure these witnesses we are not inclined to say that the lower court erred in overruling the motion for continuance.

The next complaint is the court erred in permitting certain officers who arrested appellant and took him to jail to testify as to conversations and statements made by him while in their custody.

The positive and unqualified statement of each of the officers who testified as to these statements is that they were made voluntarily by the defendant without threat, intimidation, or the holding out to him of any hope of reward or immunity.

As has been so often said by this court, our Anti-Sweating Act was not intended to prevent one who was accused of crime from making a voluntary statement with

reference thereto. Helm v. Commonwealth, 156 Ky., 751; Wellington v. Commonwealth, 158 Ky., 161; and Dorsey v. Commonwealth, 158 Ky., 447.

But in this case the admission of this evidence could have in no event been prejudicial to the appellant because his own sworn testimony on the stand proves to be true everything which the officers said he admitted.

The bill of exceptions does not disclose what was said by the county attorney in the closing argument of this case, but some affidavits were filed on the motion for a new trial which were more or less contradictory on this question; but the Attorney General, with commendable generosity, actuated no doubt with a purpose of taking no advantage of this unfortunate appellant, has filed in this court as a part of the record an agreement wherein it is admitted that the county attorney on the argument stated in substance that the defendant was not a boy, but was an ape; that he called attention to his thick lips, his blunt nose, his low receding forehead, and demanded the life of this ''beast.''

Ordinarily this court will not consider questions of improper argument which are made in the lower court for the first time on a motion for a new trial supported by affidavits when there is nothing in the bill of exceptions on the subject; but in view of the extreme penalty involved in this case we will give the appellant the benefit of the agreement above referred to. Giving the fullest effect to the statements of the county attorney, they only called attention to that which the jury already knew, viz: that the defendant was a negro, that he had thick lips and a blunt nose and a receding forehead, and the reference in the argument by the attorney to him as a beast could have been considered by the jury as nothing more than a figure of speech and doubtless was treated by them as a reference to his unspeakable conduct so unmistakably shown by the uncontradicted evidence. While this court will not put its stamp of approval upon the use of extravagant and abusive language in argument, the language used here, in the light of the evidence, could not have been misunderstood by the jury and could not have inflamed their minds against the defendant any more than his own admissions on the stand.

On the last and only remaining question it is sufficient to say that there is nothing in the bill of exceptions or in the record other than in appellant's brief

showing what the conduct of the bystanders was or even that the appellant objected to the same, or that there was any ruling, whatsoever, on the subject by the lower court.

Because of the extreme penalty inflicted here, we have undertaken to discuss and dispose of every question made by appellant's counsel; but in truth there is no merit in any one of his contentions.

Judgment affirmed.