## Tackett v. Commonwealth.

(Decided December 21, 1928.)

250

CAUDILL & TACKETT for appellant.

J. W. CAMMACK, Attorney General, and S. B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellant, A. L. Tackett, was indicted, tried, and convicted in the Floyd circuit court for willfully and maliciously shooting at Lora K. Preston, without wounding her, one of the offenses denounced by section 1166 of our present statutes. His punishment was fixed at confinement in the penitentiary for a period of three years, and from the judgment of conviction he prosecutes this appeal, and by his counsel urges as grounds for reversal: (1), The insufficiency of the indictment and error of the court in overruling defendant's demurrer filed thereto; (2), error in the admission of incompetent evidence offered by the commonwealth, and in rejecting competent evidence offered by himself; (3), error of the court in admonitions given to the jury; and (4), error in permitting employed counsel to state the case to the jury for the commonwealth, and improper remarks made by him in his argument to the jury.

■ In the accusatory part of the indictment the crime for which defendant was indicted is described as "the crime of malicious shooting at another with intent to kill," and in the descriptive part it is averred that he, on a named day prior to the finding of the indictment, "with force and arms unlawfully, wilfully, maliciously and feloniously did, with a pistol, loaded with leaden bullet or other hard substance, shoot at Lora K. Preston, with the felonious and malicious intent to kill her, the said Lora K. Preston, but from which shooting at death did not ensue." The language is somewhat awkward, and it will be observed that in neither of the parts of the indictment referred to was there an express statement that the prosecuting witness was *not* wounded, and for such omission from the averments of the indictment it is argued that it was defective, and the demurrer filed to it should have been sustained. The offense for the commission of which defendant was convicted is a statutory one, and the statute is of long standing in this commonwealth. A similar statute, couched in almost the

identical language, was in existence on and prior to June 22, 1860, when this court rendered its opinion in the case of Burns v. Commonwealth, 3 Metc. 13, and which involved an indictment under the statute as it then existed charging defendant with willfully, feloniously, and maliciously shooting and wounding the prosecuting witness "so that he did not die thereby," and which offense is also contained in the same section (1166) of our present statutes; but the indictment in that case did not contain the quoted language, and for that reason defendant demurred to it, which the court overruled, and which was sustained by this court on appeal from the judgment of conviction. In the opinion the then sections of the Criminal Code corresponding to section 122 and 128 of. our present Criminal Code were referred to, as was also the rule of common law requiring criminal pleadings in statutory offenses to follow the language of the statute where it described the offense; but it was held therein that such rule was satisfied if the language of the indictment was sufficient to bring the offense "within the *material* words of the statute," and that the indictment then under consideration sufficiently did so, and the demurrer to it was properly overruled.

In this case it is not charged that the prosecuting witness was wounded, nor that she did not die therefrom, but, following the Burns opinion, the soundness of which we do not question, the trial court properly overruled defendant's demurrer filed to it. It could certainly make no material difference to appellant whether the prosecuting witness was or was not wounded, and the fact that she was present and testified in the case completely established the fact that she "did not die thereby."

■ The alleged incompetent evidence introduced by the commonwealth under ground (2) consisted in proof of acts and conduct of defendant almost immediately following the shooting for which he was convicted, and in the determination of which a short statement of the substance of the testimony is required. The prosecuting witness was a widow engaged in business in Martin on Beaver creek, in Floyd county. On the railroad about one mile away was the village of Hite, at which the mother of witness lived, and where she had formerly lived. According to her evidence, at about 4:30 o'clock p. m. on the day of the shooting she went on the train from Martin to Hite to see about having a friend of hers do

some sewing for her, with the intention of spending that
night at the residence of her mother. But the latter was
away and witness procured the eight year old son of her
friend to stay with her that night in her mother's resi-
dence. Near the hour of 7 o'clock that evening, and after
the little boy had retired and when witness was sitting in
the front room of her mother's residence, defendant and
his friend, one Vanderpool, appeared in the hall. Vander-
pool did not enter the room where the prosecuting witness
was and soon disappeared, but defendant did enter that
room with two large pistols and considerably intoxicated.
He demanded that the prosecuting witness go with him
back to Martin, but she objected, and he threatened to kill
her if she did not. In the meantime he knocked over the
lamp and came near setting the house on fire. After that
depredation was corrected defendant again insisted on his
request and punched the body of Mrs. Preston with one
of his pistols, threatening to kill her if she did not com-
ply with his demand. She was frightened and crying,
according to her testimony and that of the little boy.
Finally she was forced to consent, and started with de-
fendant down the railroad to Martin. On the way he
continued to threaten her, and, according to her testi-
mony, he shot at her just before reaching Martin, but
she dodged and the bullet grazed the back of her neck.
Two young men who had just passed them on the rail-
road track corroborated her in that testimony to the ex-
tent that they heard her outcries as well as the shots, de-
fendant having fired at her twice.

He carried her to a hotel in Martin which was run
by a man named Newman, and the latter and his wife
testified to the frightened and weeping condition of the
prosecuting witness while at the hotel, and also to de-
fendant's conduct during that time. When they entered
the hotel defendant spoke for a room for the prosecuting
witness, and Mrs. Newman went with her to it. Being
early in the night she did not then retire, but went down
to the office of the hotel. Directly thereafter a drummer
entered the hotel office, of whom defendant was jealous
because the drummer had been paying some attention to
Mrs. Preston. About the time the drummer came into
the office he was followed by defendant, who made some
demonstrations toward him, but interference prevented a
difficulty. Defendant then swore that the prosecuting
witness should not remain at the hotel, and to emphasize

such determination he proceeded to shoot into the floor of the hotel office with his pistols. He finally succeeded in carrying Mrs. Preston away from the hotel to the room of his friend, Vanderpool, located above a restaurant in the town, from whence she was later rescued by her brother.

It is the evidence of what occurred at the hotel and after the departure therefrom that is objected to under this ground, and which objection is upon the theory that the testimony tended to prove the commission of other offenses than the one for which defendant was indicted and tried and was therefore prejudicially incompetent. But we are convinced otherwise, and we agree with the court in its admonition to the jury upon the reception of that evidence that it was admissible to prove motive and the frame of mind of defendant. The entire conduct of defendant from the time he appeared at the home of the mother of Mrs. Preston in Hite, where the latter intended to spend the night, until she was rescued by her brother, was one continuous transaction engaged in by him for the execution of one purpose, and everything he did while so engaged in that one transaction was admissible for the purpose of showing his frame of mind and his malicious intentions in the perpetration of any act during that time. Being so connected, the testimony was admissible for the purposes stated, and which we have held without exception in numerous cases. Compare Simmons v. Commonwealth, 210 Ky. 33, 275 S. W. 369, and others therein referred to.

■ This ground is virtually answered adversely to defendant's contention in our determination of ground (2). Upon admission of the complained of testimony the court admonished the jury the purpose for which it was admitted, and it is of them that complaint is made hereunder. If the evidence was competent as we have seen it was, for the purpose indicated, then clearly the court did not err in so telling the jury, and this ground is without merit. Some complaint is made of the wording of the admonitions to the effect that they assumed that defendant shot at the prosecuting witness, but we have carefully examined the language, and it is susceptible of no such construction.

Some of the complained of admonitions were not objected to, and for that reason they cannot be considered, notwithstanding they might have been prejudicial,

and the same is true with the greater part of the testimony complained of under ground (2). Some of it was objected to, but when the objection was overruled by the court defendant did not except and which latter was necessary to obtain a review by this court on appeal, as will be seen from the cases of Carnes v. Commonwealth, 146 Ky. 425, 142 S. W. 723; Dalton v. Dalton, 146 Ky. 18, 141 S. W. 371; McGee v. Vanover, 148 Ky. 737, 147 S. W. 742, Ann. Cas. 1913E, 500; Fish v. Welch, 157 Ky. 19, 162 S. E. 553; Harris v. Commonwealth, 163 Ky. 781, 174 S. W. 476; and Belcher v. Commonwealth, 181 Ky. 516, 205 S. W. 507.

■ This ground embodies two objections: (a), That it .was improper for hired counsel in the presence of the commonwealth's attorney to read the indictment, and to state the case to the jury; and (b), improper argument by the employed attorney to the jury. Objection (a), was adversely determined in the case of Galloway v. Commonwealth, 5 Ky. Law Rep. 213, which was referred to and not criticized in the case of Farris v. Commonwealth, 111 Ky. 236, 63 S. W. 615, 23 Ky. Law Rep. 580. Each of those cases dealt with the concrete fact of employed counsel reading the indictment; and in the cases of Roberts v. Commonwealth, 94 Ky. 499, 22 S. W. 845, 15 Ky. Law Rep. 341, and Catron v. Commonwealth, 140 Ky. 61, 130 S. W. 951, it was held that it was not error to permit hired counsel to make the closing argument to the jury, or to state the case to the jury, and especially so if it was done in the presence and with the consent of the commonwealth's attorney. Without a showing to the contrary it will be presumed it was so done, and clearly so when the record shows, as this one does, that the commonwealth's attorney was present at the trial. In the Catron opinion the case of Keeton v. Commonwealth, 108 S. W. 315, 32 Ky. Law Rep. 1164, and relied on by counsel in support of this contention, was expressly referred to in this language: "Nothing said in Keeton v. Commonwealth, 108 S. W. 315, 32 Ky. Law Rep. 1164, was intended to convey a different practice from that herein indicated."

Objection (b) under this ground is based upon the statement in the bill of exceptions that in the closing argument of counsel for the commonwealth he "referred to defendant as a 'brute,' to which defendant objected."

It is not pointed out in the bill of exceptions, or elsewhere, in what connection that word was employed by counsel in his argument, and the way it is herein presented to us it is impossible to determine whether the use of the word was or not improper, or, if so, whether it was prejudicial. If, however, it was employed to correctly describe one guilty of the conduct attributed to defendant by the prosecuting witness and others who testified in the case, it was not inappropriate for that purpose, and, being so, it could scarcely be characterized as prejudicial; though we would not be understood as approving the application of such terms by the commonwealth's attorneys to a defendant on trial.

Finding no error prejudicial to defendant's substantial rights, the judgment is affirmed.