## Wood v. Commonwealth.

(Decided April 17, 1934.)

B. J. BETHURUM and E. T. WESLEY for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is the second appeal. On the first trial Wood's punishment was fixed at ten years' imprisonment. On the second, from which this appeal was taken, it was fixed at twelve years. The facts of the case were stated in our opinion in Wood v. Commonwealth, 246 Ky. 829, 56 S. W. (2d) 556. Therefore, we will not iterate them except as they are pertinent to the grounds of reversal as presented in the briefs.

Florida Hargis, a witness for the commonwealth, detailed a conversation she had had with Wood, wherein she claims he stated to her "I'm going to shoot that son of a —— if I get close enough to him again"; to which she responded "I didn't think you ought to shoot him, he hadn't done anything to be killed for." This witness detailed on the first trial the same conversation using the same language. It was objected to on the first trial; the objection was overruled. A proper exception was saved at both trials.

Willie Jones, previous to the killing of Smith, was charged with a public offense. Wood, as deputy sheriff, undertook to arrest him. Jones escaped and thereby avoided the arrest. Later, Wood and Jones engaged in a conversation concerning Wood's attempt to arrest him and his escape. The conversation between them is stated in our former opinion. The same character of evidence was given by the witness Luther Baker who claimed he was present at the time of the conversation between Wood and Jones. It was objected to on the first, and also on the second trial.

In our former opinion, without discussing the testimony of Florida Hargis, it was considered as competent. That of Willie Jones, notwithstanding Wood earnestly insisted it was incompetent, is discussed in the

opinion and therein declared competent on the authority of Burns v. Commonwealth, 198 Ky. 319, 248 S. W. 848; Wireman v. Commonwealth, 206 Ky. 828, 268 S. W. 586.

The testimony of Florida Hargis though not discussed in our former opinion, its competency cannot now be questioned on this appeal. The doctrine, as defined by this court in both civil and criminal cases, is that "one adjudication settles all errors relied upon for a reversal, whether mentioned in the opinion of the court or not, and all errors lurking in the record on the first appeal which might have been, but were not expressly, relied upon as error." Sowders v. Coleman et al., 223 Ky. 633, 4 S. W. (2d) 731; Yates v. Stevenson, 193 Ky. 37, 234 S. W. 747; City of Louisville v. River Excursion Co. et al., 253 Ky. 95, 68 S. W. 792.

Andy Bales was permitted to testify in behalf of the commonwealth, over the objection of the defendant, that "on the afternoon of Smith's first escape and before his attempted escape from the officers at the time of the killing," he stated to the witness that the officers "had been shooting at him." This statement of Smith plainly was incompetent and should not have been admitted. However, it amounts to no more than that which was shown by the admissions of Wood and his associate officers, for when they were on the witness stand they admitted they previously had shot to frighten him into surrendering. It is not a prejudicial error to admit incompetent evidence to prove admitted facts. Helm v. Hardin, 2 B. Mon. 231; Davis v. Catlettsburg, K. & C. Water Co., (Ky.) 127 S. W. 479; Gatton v. Dobbin, 147 Ky. 624, 144 S. W. 757; Felty v. Felty, 164 Ky. 355, 175 S. W. 643. See vol. 2, Kentucky Digest, subject "Appeal and Error."

Aside from this, the statement of Smith to Bales is within the category of a "harmless error."

Robert Sears testified that after the body of Smith was put in a car, Wood who was present "had blood on his hands and walked to the pond, washed it off and gave his hands about three shakes like that." The witness demonstrating with his hands the movement of the hands of Wood. No sound reason is advanced, and we conceive of none, for declaring this statement incompetent. The fact Wood had blood on his hands immediately after the body of Smith was carried and placed in

the car and to rid his hands of the blood he washed them, was clearly, if not competent, nonprejudicial.

Gillis Herrin claimed he was present at the time of the conversation between Florida Hargis and Wood. The questions propounded to him and his answers thereto indicate hostility or a hazy memory of the witness. A number of questions were asked for the purpose of arousing his memory and eliciting from him the conversation in detail. It is argued that the method of interrogation to obtain the witness' information was prejudicial to Wood. The record discloses that the witness was either unwilling or his memory was not clear, sufficient to justify the extent and method of examination used to obtain his knowledge of the subject-matter about which he was interrogated.

It is an approved practice not to allow on direct examination, a leading question, except under special circumstances making it appear that the interests of justice require it, or it is necessary to elicit the facts. Civil Code of Practice, sec. 595; Blankenship v. Commonwealth, 234 Ky. 531, 28 S. W. (2d) 774. The court did not err and it was not prejudicial to Wood to allow the commonwealth's attorney some latitude in propounding leading questions to the witness, if he were unfriendly or ignorant or had exhausted his memory. Foutz v. Hacker, 200 Ky. 233, 254 S. W. 744; Wynn v. Commonwealth, 188 Ky. 557, 222 S. W. 955; Johnson v. Commonwealth, 227 Ky. 153, 12 S. W. (2d) 308. It was in the discretion of the court how often the counsel should repeat the question as the same was asked in a fair and impartial manner, not indicating the opinion of counsel as to the fact elicited by it. Higgins v. Dean Gas Engine & Foundry Co., 140 Ky. 44, 130 S. W. 800; Smith v. Commonwealth, 154 Ky. 613, 157 S. W. 1089. The rule is the contrary where the court has adjudged the question incompetent. Louisville & N. R. Co. v. Burk, 207 Ky. 1, 268 S. W. 844.

Wood offered as a witness, Jack Edwards, an ex-sheriff, and endeavored to prove by him that from his experience as an officer, it was necessary for Wood and those engaged with him in attempting to arrest Smith to shoot him in order to make the arrest. The court sustained an objection and refused to permit the witness to express his opinion as to the necessity of shooting Smith to perfect his arrest. The incompetency of the question is so patent it calls for no discussion.

In his closing argument, the attorney of the commonwealth, in discussing the threat of the defendant to shoot the deceased and in the washing blood from his hands, said:

"What ought to be done with such bloodthirsty beasts, I'll tell you from this evidence what ought to be done with him; he ought to be placed in the electric chair and enough bolts of electricity turned on to burn his hair off."

"Thereupon there was some demonstration by shuffling of the feet by persons assembled in the court room, loud enough for the jury to plainly hear." The defendant objected to the statement of the attorney and the applause of the bystanders. Also, moved the court to discharge the jury and continue the case. His objection and motion were overruled. He saved an exception. Immediately the court adequately and by appropriate language admonished the jury that it was its duty to try the case alone upon the evidence and the instructions given by the court. Also upon the conclusion of the argument of the commonwealth's attorney, again admonished the jury thus:

"I want you to remember the admonition given you a few moments ago. Your verdict must be reached with nothing but the evidence and the law as a guide. The disgraceful acts of bystanders are out of this case. You have heard all of this testimony and I have given you the instructions and let these and these alone govern your deliberations."·

If it be conceded the language of counsel was improper and objectionable, the admonition of the court to the jury is sufficiently comprehensive to exclude it as well as the acts of the bystanders from the minds of the jury, and if an error was committed by the court in not formerly sustaining the objection to the statement of counsel, the admonition given must be regarded adequate for the purpose. Miller v. Commonwealth, 240 Ky. 346, 42 S. W. (2d) 518; Garrison v. Commonwealth, 169 Ky. 188, 183 S. W. 473; Breckinridge v. Commonwealth, 97 Ky. 267, 30 S. W. 634, 17 Ky. Law Rep. 163. It must be presumed the jury followed the direction of the court the same as it did the written instructions.

We do not approve of the extravagant and abusive language of the attorney of the commonwealth, but· in the light of the evidence in the case and the admonition

of the court to the jury, it could not have been misunderstood by the jury nor influenced their minds against Wood. The use of the word "beast" in the argument was no more than a figure of speech and was doubtless so used and so understood by the jury. Its verdict indicates their minds were not thereby inflamed against Wood. In Tackett v. Commonwealth, 227 Ky. 249, 12 S. W. (2d) 289, 291, counsel of the commonwealth referred to the defendant as a "brute." It was insisted that his reference to the defendant as a "brute" was sufficient to require a reversal of the judgment of conviction. In disposing of this insistence we said:

> "If, however, it was employed to correctly describe one guilty of the conduct attributed to defendant by the prosecuting witness and others who testified in the case, it was not inappropriate for that purpose, and, being so, it could scarcely be characterized as prejudicial; though we would not be understood as approving the application of such terms by the commonwealth's attorneys to a defendant on trial."

The logic of this statement is applicable and controlling in the present case. We have confined our review of the trial and conviction of Wood to the grounds presented in his brief. They are not sufficient to justify a reversal.

Perceiving no error, the judgment is affirmed.