# Grigsby v. Commonwealth.

Feb. 19, 1946.

Napier & Napier for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee..

OPINION OF THE COURT BY. CHIEF JUSTICE REES— Affirming.

At the September, 1944, term of the Perry circuit court the grand jury returned an indictment against Amos Grigsby charging him with the crime of rape. He was tried and convicted, and his punishment fixed at life imprisonment. He appealed, and this court reversed the judgment on the ground that the admission of evidence showing that the accused was a deserter from the army at the time the crime was committed was prejudicially erroneous. Grigsby v. Commonwealth, 299 Ky. 721, 187 S. W. 2d 259, 159 A. L. R. 196. He was again tried and convicted, and his punishment was fixed at confinement in the state reformatory for a term of 15 years. He appeals, and assigns as errors (1) improper conduct of the Commonwealth's attorney during the cross-examination of appellant, and in the closing argument to the jury; and (2) refusal of the trial judge to vacate the bench.

The regularly elected Commonwealth's attorney was absent, and the Commonwealth was represented at the trial by a Commonwealth's attorney pro tem. appointed by the court.

It is contended that the Commonwealth's attorney, by the questions propounded by him during the cross-examination of appellant, insinuated that the latter was a deserter from the army. He elicited the information that appellant had been a member of the armed forces and had been at home a number of times on furlough. He then asked appellant: ''Why don't you have on a uniform?'' An objection to the question was sustained, and this question was asked: ''You had on a uniform on the former trial of the case, didn't you?'' An objection to the question was sustained. In view of the

opinion on the former appeal, the Commonwealth's attorney should have refrained from asking these questions, but since the objections were sustained no prejudicial error resulted. The questions did not suggest or warrant an inference that appellant was a deserter. Appellant lists a number of other questions asked and statements made by the Commonwealth's attorney during the latter's interrogation of witnesses which he deems prejudicially erroneous. In many instances no exception was taken, but in practically every instance the court sustained the objection made by appellant and admonished the jury not to consider the question or the statement. Appellant complains especially of the following instances of alleged misconduct by the attorney for the Commonwealth: During the cross-examination of appellant he asked: "Don't you know you have not told one word of truth on that witness stand?" An objection was interposed, and the court said: "I will sustain that objection, and admonish the jury not to consider that for any purpose." A character witness for appellant was asked what her own reputation for morality was in the neighborhood in which she lived, and the court admonished the jury not to consider the question. A witness who had testified that the reputation of the prosecuting witness was bad was asked: "I will ask you if it isn't true that about everybody living up there had a bad reputation?" The defendant's objection was sustained, and the question was not answered. Other immaterial and irrelevant questions, even more trivial in character, were asked, but the trial court invariably sustained the defendant's objection.

Appellant complains of the testimony of the deputy sheriff who arrested him. The deputy sheriff testified that he arrested appellant a few hours after the alleged crime was committed. Appellant was hiding in a thicket at an isolated spot on a mountain about two miles from the nearest house. He had a shotgun, a 22-caliber rifle, and a trench knife. He denied, when arrested, that he was Amos Grigsby. The only objection to this testimony was to the statement that appellant had in his possession a 22-caliber rifle, but all of the evidence was competent.

It is next insisted that the Commonwealth's attorney was guilty of improper conduct in his argument to the jury. The entire argument was taken down and tran-

scribed and has been made part of the record. Only two objections were interposed during the argument; one when appellant was referred to as a "vile brute," and one at the close of the argument when the Commonwealth's attorney asked the jury, in the event they were unable to agree on a death sentence, to return a verdict of life imprisonment "without privilege of parole," and then said: "If you do that he will be there to stay and can't be sent back to this community or any other community." An objection to this statement was overruled. This court has frequently expressed its disapproval of the use of abusive language by prosecuting attorneys in their arguments, but where an epithet applied to a defendant aptly describes him in the light of the evidence, the judgment will not be reversed on the ground that the argument was prejudicial. In view of the evidence introduced by the Commonwealth, the reference to appellant as a "vile brute" was not prejudicial especially since the court admonished the jury as follows: "You heard the evidence, gentlemen, and you will base your verdict upon the evidence, not upon the statement." In Garrison v. Commonwealth, 169 Ky. 188, 183 S. W. 473, 475, the defendant, a negro, was convicted of the crime of rape and his punishment fixed at death. The county attorney in his argument called attention to the defendant's thick lips, blunt nose, and low receding forehead, and referred to him as a "beast." It was contended that the argument was improper and prejudicial, but this court said:

"Giving the fullest effect to the statements of the county attorney, they only called attention to that which the jury already knew, viz., that the defendant was a negro, that he had thick lips, and a blunt nose, and a receding forehead; and the reference in the argument by the attorney to him as a beast could have been considered by the jury as nothing more than a figure of speech, and doubtless was treated by them as a reference to his unspeakable conduct so unmistakably shown by the uncontradicted evidence."

In Holbrook v. Commonwealth, 249 Ky. 795, 61 S. W. 2d 644, the attorney for the Commonwealth in his closing argument referred to the accused as a desperado. It was held that the statement was a deduction warranted by the evidence, and was within the bounds of proper

argument. In Tackett v. Commonwealth, 227 Ky. 249, 12 S. W. 2d 289, 291, the attorney for the Commonwealth in the closing argument referred to the accused as a brute. In disposing of the argument that the use of this epithet was improper and prejudicial, the court said:

"If, however, it was employed to correctly describe one guilty of the conduct attributed to defendant by the prosecuting witness and others who testified in the case, it was not inappropriate for that purpose, and, being so, it could scarcely be characterized as prejudicial; though we would not be understood as approving the application of such terms by the commonwealth's attorneys to a defendant on trial."

In Wood v. Commonwealth, 253 Ky. 794, 70 S. W. 2d 677, a far more objectionable statement was made and it was held not prejudicial in view of the court's admonition, which was similar to the admonition in the present case. The objection to the concluding statement of the attorney for the Commonwealth is without merit. Similar statements were held not improper in Addington v. Commonwealth, 298 Ky. 275, 182 S. W. 2d 442, and Lawler v. Commonwealth, 182 Ky. 185, 206 S. W. 306.

It is finally insisted that the refusal of the trial judge to vacate the bench was error. Appellant's affidavit in support of his motion to vacate stated that the judge would not afford him a fair and impartial trial. The facts stated in the affidavit on which he based his charge of bias and prejudice were that the judge would not permit the jailer of Perry county to keep him in the Perry county jail, and had caused him to be confined in the Laurel county jail. It was stated that the Perry county jail was a safe place in which to keep prisoners. This was a matter within the discretion of the court, and the mere fact that the court ordered the accused to be transferred to the jail of a neighboring county does not warrant an inference of bias or prejudice. In Benge v. Commonwealth, 296 Ky. 82, 176 S. W. 2d 131, 133, this court said:

"Under our practice the truthfulness of the facts stated in an affidavit filed in support of a motion to vacate cannot be questioned by the judge, but it must contain facts from which 'it may be readily determined that the judge sought to be removed is so prejudiced against

the litigant as to make it reasonably apparent that he cannot with his human nature give the affiant a fair and impartial trial.' "

The court did not err in overruling the motion to vacate the bench. 'An examination of the record shows that the presiding judge protected appellant's rights with meticulous care.

The judgment is affirmed.

Judge Sims dissents on the ground that the questions asked by the attorney for the Commonwealth concerning the uniform and appellant's connection with the army raised the inference that appellant was a deserter, and were highly prejudicial. He is of the opinion that the attorney was guilty of gross misconduct, and that the defendant's motion to set aside the swearing of the jury and to continue the case should have been sustained.