CASE 35—INDICTMENT—JUNE 23.

# Tutt v. Commonwealth of Kentucky.

APPEAL FROM GRAVES CIRCUIT COURT,

CRIMINAL    LAW—INSTRUCTION—MALICE    AFORETHOUGHT.—On    the
    trial of an indictment for murder it is error to omit to instruct
    the jury that before they can convict they must believe that the
    killing was done "with malice aforethought;" it is not sufficient
    to substitute the word "maliciously."

MASON BROS FOR APPELLANT.

    (No brief in the record.)

WM. S. TAYLOR, ATTORNEY-GENERAL, FOR APPELLEE.

    (No brief.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellant was indicted, tried, and convicted in the
Graves Circuit Court for the murder of Estella Tutt, and
sentenced to be hung, and, his motion for a new trial hav-
ing been overruled, he has appealed to this court. Sev-
eral grounds for a new trial were relied on. The first
ground for new trial is, in substance, that the court mis-
instructed the jury as to the law of the case, and that
the court refused to properly instruct the jury, or to
give the whole law of the case; and, second, that the ver-
dict is against the law and evidence. Some other grounds
are relied on, which need not be noticed. The instruc-
tions given are as follows:    "The court instructs the jury
that, if they shall believe from the evidence, beyond a
reasonable  doubt,  the  defendant,  Will  Tutt,  in  the
county of Graves, and before the finding of the indict-
ment heretofore, did willfully, feloniously, and maliciously
kill Estella Tutt by shooting and wounding her with a

pistol loaded with powder and ball, or other hard substance, from which shooting and wounding the said Estella Tutt immediately died, they will find him guilty, and fix his punishment at death, or confinement in the State penitentiary for and during his natural life, within their sound discretion." (2) If the jury have a reasonable doubt of the defendant being proven guilty, he is entitled to an acquittal." There can be no question but what malice aforethought is indispensable to a conviction for murder in all cases of homicide, and, in order to convict a party charged with murder, it is indispensable that the jury shall believe to the exclusion of a reasonable doubt that the defendant not only killed the person, but that such killing was with malice aforethought. It will be seen that the instruction given omits any reference to the question of malice aforethought, but instructs the jury, if the killing be willful, felonious, and malicious, that they may find him guilty of murder, and fix his punishment at death, or confinement in the penitentiary for life. The extreme penalty of the law was inflicted by the verdict of the jury. It is not deemed necessary to cite authority in support of the proposition that the instruction quoted is erroneous. The practice, so far as we are advised, is to always include, in an instruction on the subject of murder, that, to constitute the offense of murder, the killing must have been with malice aforethought; and, inasmuch as no person can be guilty of the offense of willful murder without malice aforethought, it necessarily follows that the instruction given must conform to the law. See 2 Bish. Cr. Proc., sec. 638. It is not necessary to discuss the question of the guilt of appellant in this case. The testimony is not in all respects the same, but whether the testimony shows the defendant guilty or not is not

involved in the discussion of the instructions given. Unless the killing was with malice aforethought, the defendant is not guilty of murder. The instructions given authorize the jury to find the defendant guilty of murder, and inflict the most extreme penalty known to the law, without requiring them to find beyond a reasonable doubt that the killing was with malice aforethought, or with malice prepense. For the reasons given, the judgment is reversed, and cause remanded, with directions to award appellant a new trial, and for proceedings consistent herewith.