## Commonwealth v. Redd.

(Decided December 12, 1922.)

### Appeal from Harrison Circuit Court.

1. Insane Persons—Restoration to Position of Sui Juris.—One who has been adjudged an imbecile may by proper proceedings in the circuit court be restored by judgment to the position of one sui juris.

2. Insane Persons—Restoration to Position of Sui Juris.—The court in which a person is found to be a lunatic has jurisdiction upon proper showing to restore such person to all the rights and privileges of a normal person.

3. Insane Persons—Pleading.—Although a pleading is styled an "affidavit," it will after judgment be treated by the court as a "petition" if it states facts sufficient to give the court jurisdiction

to hear and determine whether the applicant has recovered her former mental status, especially where there is no demurrer or motion made by the adverse party to correct the style of the pleading nor to amend its sufficiency, and answer is filed controverting the averments of the petition and otherwise joining issue.

4.  Appeal and Error—Verdict—Harmless Error.—Although the trial court instructed the jury that nine or more of their number agreeing may return a verdict, this was harmless error, if error at all, in view of the fact that the whole jury joined in returning the verdict of which complaint is made.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, R. P. BLAIR, WADE H. LAIL and T. E. KING for appellant.

M. C. SWINFORD and W. S. CASON for appellee.

Opinion of the Court by Judge Sampson—Affirming.

In March, 1916, appellee Sarah M. Redd was by a judgment of the Harrison circuit court found to be a person of unsound mind, and she was directed to be placed in an institution, and a committee was appointed to look after her and her property. About that time her lands were sold for the purpose of paying certain debts owing by her, and the residue amounting to about $9,000.00 was invested in interest paying government bonds. After being treated at several institutions, some private and some public, for her mental disorder, appellee concluded she was of sound mind and returned home where she lived at one of her grandson's, paying board. The interest from her bonds had been used for her maintenance and support while she was in the asylums. In February, 1922, she filed in the Harrison circuit court, which court had found her to be a lunatic in 1916, an affidavit in the nature of a petition, stating that she had been adjudged a lunatic and had a committee appointed for her; that she had taken medical treatment for several months and had regained her normal mental powers and that she no longer needed the committee and asked to be restored to the position of one *sui juris*. Without demurring to this affidavit and motion the committee filed a responsive affidavit in the nature of an answer by which most of the averments of the affidavit filed by appellee were traversed and some affirmative matter set up. A jury trial was had and the following verdict returned: "We, the jury, find defendant, Sarah M. Redd, of sound mind. D. N. Lafferty, fore-

man." Whereupon the court adjudged Sarah M. Redd is of sound mind and capable of handling her estate mentioned in the pleadings. Appellant, Commonwealth of Kentucky, acting for and on behalf of the committee, filed motion and grounds for new trial, setting forth five alleged reasons why the motion should be granted, which are as follows:

1. Because the verdict is not sustained by sufficient evidence and is contrary to law.

2. Because of errors of law occurring at the trial and excepted to at the time.

3. Because the court refused to permit this committee to introduce proper and competent evidence offered by her on the trial of the case, to which she objected and at the time excepted to the ruling of the court, and because the court permitted Sarah M. Redd, over the objection of her committee, to introduce incompetent and irrelevant evidence to which ruling of the court she, at the time, excepted.

4. Because the court failed to properly instruct the jury and because the instructions given by the court were not the law of this case, to the giving of which this committee objected and excepted at the time.

5. Because the trial of said cause, in the manner in which it was tried, is contrary to law; and because there is and was no law authorizing the proceedings or trial as was had.

In brief of counsel only two grounds for a reversal of the judgment are insisted upon:

(1) This proceeding was had under a former statute, section 2160, which statute was repealed by an act of the legislature of March, 1918, and the proceedings thereunder are void.

(2) Error of law in giving instruction number 3.

1. While it appears that the proceedings were somewhat irregular in that the petition and answer both were styled "affidavit," we think it proper to treat the pleadings as if they had been correctly styled "petition" and "answer," especially in view of the fact that no demurrer or other objection was made to the petition styled "affidavit," and the same was duly answered to by appellant. Having made no objection to the form or style of the pleadings and having answered it according to its terms and accepted the issue, appellant is now in no position to complain. Rudd, etc. v. Deposit Bank of Owensboro, 105 Ky. 443; Hall v. Cumberland Pipe Line Co., 193 Ky.

728. The original lunacy proceeding against Mrs. Redd was instituted and heard in this court and a committee was appointed and the property of Mrs. Redd was placed in his hands. In this way the court had control of the property of Mrs. Redd through her committee and no other court had jurisdiction to retry or hear the matter by which she sought to be restored except the Harrison circuit court having originally acquired jurisdiction thereof. We have held in the case of Upton's Committee v. Bush, etc., 135 Ky. 102, that where a court has found a person to be of unsound mind, an application to vacate such decree must be made to the same court, and is not within the jurisdiction of a court of another county.

Under the recent act of the general assembly, found at page 156, *et cetera,* acts of 1918, the mode of procedure is set forth, and the pleading on the part of appellee should have been styled a petition. She might, however, have obtained relief by filing such a petition in equity, and the mere fact that she styled the pleading "affidavit," to which no demurrer or other objection was made until after the verdict, did not alter the case as the so-called "affidavit" was in fact a petition.

(2) Appellant also complains that the court erroneously refused to give an instruction marked "A," reading: "Although you may believe from the evidence that Sarah M. Redd is not of unsound mind or a lunatic, yet if you believe from the evidence that by reason of any infirmity or weight of age she is mentally incapable of attending to her business, you will so say in your verdict, and give the reason why she is so incapable." The court gave in substance the same instruction, reading: "Although you may believe from the evidence that defendant is not of unsound mind or a lunatic, yet if you believe from the evidence that by reason of any infirmity or weight of age defendant is mentally incapable to manage her estate, you will say so in your verdict."

3. The third instruction of which appellant complains, reads: "Nine or more of the jury voting together may make a verdict but if less than the entire number agree, those agreeing must sign the verdict." Appellant insists that in a case like this the verdict must be rendered by the entire jury, and this appears to be true. That is exactly what happened in this case. While the jury was instructed that nine or more of its number concurring might return a verdict, it did not take advantage

of this instruction nor rely upon it, but the entire jury consisting of twelve men returned a verdict signed by its foreman. Even though instruction number 3 was erroneous it did no harm whatever, for the verdict clearly shows that the jury did not take advantage of it. This error in the instruction was therefore harmless.

No error to the prejudice of appellant appearing in the record, the judgment is affirmed.

Judgment affirmed.