## Holbrook v. Commonwealth.

(Decided June 16, 1933.)

A. F. BYRD for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

James Holbrook was jointly indicted with Floyd Salyers for the willful murder of Elliott Craft and on his separate trial was convicted of manslaughter and sentenced to confinement in the penitentiary for 21 years. He relies upon the folowing grounds for a reversal of the judgment: (1) The trial court erred in the admission of evidence; (2) the verdict is not sustained by the evidence; and (3) the commonwealth's attorney made prejudicial remarks in his argument to the jury.

On July 2, 1932, an election was held in a school district on Frozen creek in Breathitt county at which Mrs. Barney Back was elected trustee. After the result of the election had been announced, her husband invited those present to attend a chicken supper at his home. Several persons, including appellant, Floyd Salyers, and the decedent, accepted the invitation. The

party continued until after midnight. A large amount of whisky was consumed, and appellant, as well as others, became intoxicated. Appellant had an altercation with Luther· Stidham and shortly thereafter left accompanied by Salyers, but soon returned and, according to the witnesses for the commonwealth, appeared in the door of the Back home and said, "Line up and march out, I have your numbers." Shortly after they had all marched out of the house with their hands raised and into the yard, the shooting commenced which resulted in the wounding of appellant, Salyers, and Lewis Walters, a son-in-law of Back, and the killing of Craft.

Appellant claimed that Walters began shooting at him and that he shot at Walters as the latter ran towards the house. He denied that he shot at Craft, but testified that Craft was behind him when he and Walters were shooting at each other and it was his theory that one of the bullets fired at him by Walters struck Craft. Walters, on the other hand, testified that appellant fired the first shot and that he (Walters) then fired three shots at appellant but in the opposite direction from where Craft was standing.

Craft was taken to the hospital where he died about twelve hours after he was shot. He stated on three occasions before his death that Jim Holbrook shot him, and these statements were admitted as dying declarations. It is insisted that the admission of these statements was prejudicially erroneous because it was not shown they were made by the deceased in extremis and when he was aware of impending death. A few moments after he was shot he said in the presence of Mrs. Myrtle Back he thought he was killed and that Jim Holbrook killed him. Later the following occurred according to the witness Courtney Holbrook: "I walked to the bedside and said, 'Elliott, are you hurt?' 'What is wrong?' 'Who shot you?' He said, 'Jim Holbrook,' he was looking him in the eye when he shot him with a, bright pistol."

Lona Craft, wife of the deceased, rode with him to the hospital, and on the way he said to her, "You are taking me across the hill this morning, but you will bring me back foot foremost." She then asked him who shot him, and he said, "Jim Holbrook." When the serious nature of deceased's wounds are considered in connection with the statements of which complaint is

made, it is plain he had no hope of recovery and that the statements were made under a consciousness of impending death and were competent as dying declarations. As said in Meade v. Commonwealth, 225 Ky. 177, 7 S. W. (2d) 1052, 1055:

"The court is not confined, however, to the bare statement of the deceased, but may take into consideration the evident danger and all the surrounding circumstances. It is not necessary that the person dying shall in express words state that he knows he is going to die; but, if he makes use of words which are equivalent to such a statement and from which it can be clearly discerned that he realized that he is in extremis, the dying declaration should be admitted."

While there was some evidence tending to support appellant's claim that he did not shoot the deceased, there was much evidence to the contrary. There was considerable evidence tending to show that appellant was the aggressor in the difficulty which terminated in the death of Craft, and the dying declarations alone are sufficient to identify him as the user of the pistol from which the fatal shot was fired. The evidence was conflicting, and the credibility of the witnesses and the weight to be given to their testimony were questions exclusively for the jury.

Appellant especially complains of the following statements made by the attorney for the commonwealth in his closing argument to the jury: "This is not the first thing with James Holbrook, he has been convicted once before." And, "James Holbrook is a desperado and Floyd Salyers is a bad man and they came there to commit murder." The first statement was based on evidence that appellant had theretofore been convicted of the crime of manslaughter. The court failed to admonish the jury that this evidence should be considered only for the purpose of affecting the credibility of the appellant as a witness and not as substantive evidence and no motion that the jury be so admonished was made. An attorney for the commonwealth may comment on evidence which tends to affect the credibility of the person on trial as a witness, but he should not treat it in his argument to the jury as evidence conducing to prove the defendant's guilt of the crime charged. While the statement of which complaint is made is sus-

ceptible of the latter construction, we do not think under all the facts of this case it was prejudicially erroneous. The second statement was a deduction warranted by the evidence and was within the bounds of proper argument.

One of the grounds assigned for a new trial was the absence of the trial judge from the courtroom during a part of the argument of the commonwealth's attorney, but this alleged error is not shown in the bill of exceptions and cannot be considered on appeal.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.