## Walls v. Commonwealth.

(Decided Jan. 25, 1935.)

J. B. SNYDER for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MUR-PHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Just after nightfall of Thanskgiving Day, 1933, Hurshall Walls slew Leyburn Stevens by shooting him with a pistol. Walls and three others were indicted for murder, and on his separate trial Walls was convicted of manslaughter, his punishment fixed at two years in the penitentiary, and he has appealed.

Walls admits the killing and pleads self-defense. Stevens and Walls had been in a difficulty and Stevens had shot Walls in one of his toes, but Stevens had been disarmed when he was shot and, when asked why he shot him when he did, Walls said: "I was afraid he would take my pistol, and shoot me again." After such a puny excuse, the conviction of Walls is no surprise. Upon this appeal Walls relies upon the following for reversal:

### The Indictment.

Instead of the words "with malice aforethought," which are usually found in indictments for murder, the word "maliciously" was used, and for that Walls contends the court erred in overruling his demurrer to it. The word "maliciously" has been held to mean the same thing as the words "with malice aforethought." See Tiernay v. Com., 241 Ky. 201, 43 S. W. (2d) 661; McHargue v. Com., 231 Ky. 82, 21 S. W. (2d) 115; Turner v. Com., 167 Ky. 365, 180 S. W. 768, L. R. A. 1918A, 329; and 29 C. J. p. 1087, sec. 62. A previous contrary holding in Tutt v. Com., 104 Ky. 299, 46 S. W. 675, 20 Ky. Law Rep. 492, has been expressly overruled.

### The Dying Declarations.

Stevens lived until the following Wednesday morning, was conscious until about ten minutes before he died, and talked freely about his condition and the cir-

cumstances of his shooting, and the commonwealth introduced four witnesses who were allowed to testify to what Stevens told them after he had expressed himself as without hope of recovery. It is needless that we discuss the subject at length; that has been done. 30 C. J. pp. 250 to 282, secs. 492-523, inclusive, 1 R. C. L. pp. 527 to 550, secs. 58 to 98, inclusive. Walls complains because, as he says, five or six different declarations were admitted. These were separate and distinct declarations rather than different and contradictory ones, they are harmonious and amount to the telling of the same thing, in different words, but if they were contradictory, such contradictions would only affect the credibility, not the admissibility, of the declarations. Walls complains here because in laying the predicate for the introduction of these witnesses the inquiry was conducted in the presence of the jury. In Baker v. Com., 106 Ky. 212, 50 S. W. 54, 20 Ky. Law Rep. 1778, we held this preliminary examination should be conducted before the court and in the absence of the jury, and we have said the same in Coyle v. Com., 122 Ky. 781, 93 S. W. 584, 29 Ky. Law Rep. 340; Wilson v. Com., 141 Ky. 341, 132 S. W. 577; Commonwealth v. Johnson, 158 Ky. 579, 165 S. W. 984; Burnett v. Com., 172 Ky. 397, 189 S. W. 460; Meade v. Com., 225 Ky. 177, 7 S. W. (2d) 1052; Cochran v. Com., 236 Ky. 284, 33 S. W. (2d) 30; Holbrook v. Com., 249 Ky. 795, 61 S. W. (2d) 644. But we have found no case wherein a judgment was reversed for not doing so, and certainly it was not reversible error in this case, for the defendant did not direct his objection to where the preliminary examination was had but to the declaration itself. A perfunctory objection would hardly be fair to the court, as it might be misunderstood, but the court should be asked to have the jury excused during this preliminary examination. These statements were not rendered inadmissible by showing Stevens asked for a doctor and to be taken to a hospital; a man may make such requests in the hope of obtaining some relief from suffering. 30 C. J. p. 267, sec. 505. There were some few statements in these declarations that should have been excluded if proper objections had been made because they were matters Stevens would not have been permitted to testify to if he were alive, but they are of no great importance and cannot be reached by an objection to the declarations as a whole.

### Conclusion.

The indictment was sufficient, no prejudicial errors in admitting or rejecting evidence were made, the predicate for the admission of the dying declarations was established, we find no errors in the instructions, the evidence for the defense alone would be enough to sustain the conviction, Walls has had a fair trial, and the judgment is affirmed.