## Turner v. Commonwealth.

(Decided April 27, 1937.)

HECTOR JOHNSON for appellant.

**312**

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Reversing.

Estill Turner and his brother, Moodie Turner, were indicted for the crime of murder in the Jackson circuit court. A severance was had. Estill Turner was tried and adjudged guilty as an aider and abettor to his brother, who killed Malcome Spivey, of voluntary manslaughter and his punishment fixed at two years in the state reformatory. He appeals from that judgment. His only ground for reversal is, that the trial court erred in not sustaining his motion for a directed verdict at the conclusion of the evidence offered by the commonwealth.

The shooting and killing of Malcome Spivey was the act of Moodie Turner alone. The question before us is, Did Estill Turner, in any way, aid, abet, or encourage by word, act, or gesture the perpetration of the crime? We perceive it to be the duty of the court to give to the evidence produced by the commonwealth the construction most favorable to the commonwealth, and when that is done, if it tends to prove the guilt of the defendant, the case should be submitted to the jury. Voils v. Commonwealth, 229 Ky. 305, 17 S. W. (2d) 238; Combs v. Commonwealth, 224 Ky. 653, 6 S. W. (2d) 1082; Kirk v. Commonwealth, 192 Ky. 460, 233 S. W. 1060.

An aider and abettor is one who advises, counsels, procures, or encourages another to commit a crime. It is necessary that one charged with aiding and abetting be guilty, himself, of some overt act or advocacy or encouragement of his principal, who does the actual killing, and he must be actually or constructively present when it is done and must participate in the commission by some act, deed, word, or gesture. Stacy v. Commonwealth, 221 Ky. 258, 298 S. W. 696; Landrum v. Commonwealth, 123 Ky. 472, 96 S. W. 587; 29 Ky. Law Rep. 924; Wheeler v. Commonwealth, 120 Ky. 697, 87 S. W. 1106, 27 Ky. Law Rep. 1090; Smiddy v. Commonwealth, 210 Ky. 359, 275 S. W. 872; Bradley v. Commonwealth, 201 Ky. 413, 257 S. W. 11.

Applying to the case at hand those principles, the commonwealth offered no evidence that tended in the slightest to make appellant an aider and abettor to his brother's crime.

The evidence is to the effect that the deceased and Estill Turner were neighbors and friends. They had lived in the same neighborhood most of their lives, visited with each other, and on this Sunday morning, the 24th day of May, 1936, were together drinking moonshine whisky out of the same bottle and had been in company with each other and other boy friends for quite a while at the forks of the road near their home, sitting on the ground talking in a friendly way attributable to boys in the neighborhood, and especially while under the influence of intoxicants. Appellant had with him a .38 pistol and shot it several times during the morning. They stayed together at the forks of the road until about 1 o'clock. They then went to the home of Charlie Kirby together; had with them a bottle with some liquor in it. The bottle was in the overall pocket of Estill Turner. While at that place, it fell out of his pocket and the deceased got hold of it and drank the small amount of liquor left in the bottle. A controversy then took place between the deceased and Turner over the bottle, because Turner had knocked the bottle out of the hand of the deceased and broken it. They quarreled some, but soon settled their differences and left the home of Charlie Kirby going out the highway from his place together. Moodie Turner, the brother of Estill Turner, had the pistol of Estill Turner in his possession and in some way got it without the knowledge or consent of Estill Turner. He, Moodie Turner, went to the deceased and his brother, who were up the road together, for the purpose of taking his brother home, he being drunk, or at least under the influence of liquor. It was in evidence that the deceased had a rock in his hand. Estill Turner, in a friendly way, undertook to take it out of the hand of the deceased, when the deceased struck him in the face with it. There is some evidence that there was a blue place upon the face of the deceased after he was shot, indicating that he had been struck by some person. There is slight evidence that this blue place in his face was made by appellant, Estill Turner, with a bottle. The evidence is to the effect that Moodie Turner, when he reached where the deceased and his brother were, saw the deceased strike his brother in the face and then run; that while he was running, Moodie Turner shot the deceased in the back, the ball entering his back and coming out in front near the navel, a little lower than where it en-

tered. This wound produced the death of the deceased. However, there is no evidence at all, not even the slightest, to show that appellant, before, or at the time, the deceased was shot and killed by his brother, had encouraged, or assisted him in any way or manner, by word, gesture, deed, or act, to do the shooting. In fact, the evidence is to the effect that Moodie Turner did the killing on his own account and without the knowledge, consent, or encouragement of appellant.

We are unable to find the slightest evidence authorizing the court to submit to the jury the question of the guilt or innocence of appellant as an aider or abettor, of his brother, who did the killing. It is true he was present when the shot was fired, and it is true that after the killing there was some evidence that appellant went to his home, announcing to those he met that he had been shot, himself, through and through, and that at his home he secured a corn knife and announced that he would cut him to pieces, but all of that was after the killing. Such testimony is no evidence that before or at the time of the killing he aided or abetted in any manner his brother in the shooting and killing of the deceased.

The court has reached the conclusion that it was error upon the part of the trial judge in refusing to give the peremptory instruction at the conclusion of the commonwealth's testimony, asked for by appellant.

Wherefore, the judgment is reversed with directions, if on another trial, the evidence is the same as upon the former trial, the court should direct the jury to find defendant not guilty.