**John Raymond BAUER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 1, 1963.

R. Davis McAfee, A. Walter Redmon, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., Frankfort, Laurence E. Higgins, Com.'s Atty., 30th Judicial District of Ky., Carl C. Ousley, Jr., Asst. Com.'s Atty., Louisville, for appellee.

STEWART, Chief Justice.

Appellant, John Raymond Bauer, was convicted in the Jefferson Circuit Court of the wilful murder of Alfred Nachand, and also at the same time of the offense of armed robbery, and sentenced to life imprisonment in each case. These appeals have been consolidated and will be considered together. Appellant's sole contention on the two appeals is that the trial court erred in admitting his alleged confession into evidence. It is claimed the Commonwealth's attorney and certain police officers, acting under his direction in obtaining the confession, flagrantly violated the constitutional rights vouched unto him by the Fourteenth Amendment to the Constitution of the United States and, in addition, which contention we shall consider first, secured the incriminating statement by methods prohibited by the terms and conditions of KRS 422.110, the "Anti-sweating Act." It reads:

"(1) No peace officer, or other person having lawful custody of any person charged with crime, shall attempt to obtain information from the accused concerning his connection with or knowledge of crime by plying him with questions, or extort information to be used against him on his trial by threats or other wrongful means, nor shall the person having custody of the accused permit any other person to do so.

"(2) A confession obtained by methods prohibited by subsection (1) is not

admissible as evidence of guilt in any court. The trial judge shall determine the competency and admissibility of any alleged confession under the provisions of this section from evidence heard by him, independent of and without the hearing of the jury trying the case."

Shortly after midnight on January 21, 1961, three men, one armed with a pistol and another with a shotgun, forcibly entered the kitchen at the home of Alfred Nachand on Westport Road in Jefferson County. Seven persons had met at the Nachand residence to play poker and Nachand, having taken leave from the game, was preparing coffee. While the robbers were in the act of coming into the room Nachand was almost instantly killed by a shot from the pistol. The intruders then lined the others against the kitchen wall, robbed them and made their getaway in an automobile.

Within six days five persons, including appellant, were either arrested or were being sought as principals or aiders of and abetters to the murder-robbery. In addition, two others were arrested on charges of giving aid and comfort to one of the accused persons.

When appellant, at the trial, moved to suppress the introduction of the confession into evidence, a hearing out of the presence of the jury was held on the motion in the trial judge's chambers. Here is a summary of the evidence introduced relative to the events preceding the giving of the confession.

Appellant's testimony was that, on advice of his counsel, he reported to the City of Louisville police headquarters on January 27, 1961, after having learned that he was being sought by the police. The crime under investigation had been committed in the county but, according to appellant, he was kept at police headquarters and questioned constantly for twelve hours by city policemen. His attorney was not allowed to see him, although this person tried to do so from two in the afternoon until eleven at night. Appellant stated he was sober when he came to police headquarters, but that two policemen gave him several drinks of whiskey so that he became drunk and confused. He claims he was promised help if he would admit "everything."

On cross-examination, appellant testified that Commonwealth's Attorney, Laurence E. Higgins, who took the statement concerning his guilt, never promised him anything. He did not identify any of the policemen who he said questioned him for twelve hours. He admitted he was never threatened. He did not remember making a statement, reading it, having it read to him, or signing it, but did not deny the signatures of the three-page confession were his.

The Commonwealth's evidence was that appellant had never been promised anything; that his confession was voluntary; that he was given no whiskey and was not drunk while being questioned; that he watched television for at least an hour during the evening; and that he read the statement he gave and it was read to him before he signed each of the pages.

Appellant was jailed at about two-twenty the next morning and appeared before the trial court at about ten the next day. Appellant stated he could recall nothing that happened thereafter until he "woke up" in the psychiatric ward at the Louisville City Hospital some days later.

Discussing the conditions under which a confession is admissible this Court said in Tarrence v. Commonwealth, Ky., 265 S.W. 2d 52: "Whether a confession was voluntarily made and, therefore, admissible in evidence, is primarily a question for the trial judge to decide, KRS 422.110, and where the decision rests on an issue of fact, it will not be disturbed unless it satisfactorily appears that the evidence supporting the decision was insufficient." In 2 Wharton, Criminal Evidence, section 354, the rule is thus stated: "If the trial judge finally determines the voluntary character of a confession, his finding upon conflicting evidence will not be reversed." See also

Pearsall v. Commonwealth, 92 S.W. 589, 29 Ky.Law Rep. 222; Laughlin v. Commonwealth, 37 S.W. 590, 18 Ky.Law Rep. 640.

■ Assuming appellant's testimony that he was questioned at length is true, although such testimony is wholly unsupported by any other witness, this fact, standing alone, would not invalidate his confession, because it would have to be established that the confession was secured by threats, coercion or other wrongful means. On this point, it was said in McClain v. Commonwealth, 284 Ky. 359, 144 S.W.2d 816:

"* * * It is not the extent of the questioning of the defendant which is prohibited by the statute, but the manner in which it is conducted. A defendant in custody may freely and voluntarily answer many questions and in no manner be 'sweated'. On the other hand, a single question accompanied by a threat may violate the statute. The 'plying with questions' * * * means 'the persistent and repeated propounding of inquiries to elicit a desired answer, carried to such an extent that the prisoner feels required to answer as the questioner wishes in order to escape from the pressure.' * * *"

In view of the facts recited, and the principles of law applicable thereto, we conclude the ruling of the trial judge as to the admissibility of appellant's confession must be sustained. As the testimony was conflicting, it cannot be said there was not satisfactory evidence upon which the ruling was based.

■ Appellant argues that the Commonwealth's refusal to allow his counsel to be with him during the interrogation at police headquarters invalidates any statement he may have made. He asserts that the privilege of having his counsel present while he was being questioned is a right secured to him under the provisions of the Fourteenth Amendment to the Constitution of the United States. However, it appears to be the settled law, although Kentucky has never passed upon the point, that an accused has no constitutional right to counsel during the investigative, non-judicial stage of a case.

The case of Cicenia v. La Gay, 357 U.S. 504, 78 S.Ct. 1297, 2 L.Ed.2d 1523, is factually similar to the case at bar. There Cicenia was charged with murder committed during a robbery, and his attorney, Mr. Palmieri, advised him to go to police headquarters and surrender. The opinion states that "at approximately 2 p. m. the same day petitioner's father, brother and Mr. Palmieri, the lawyer, arrived at the Newark (police) station. Mr. Palmieri immediately asked to see petitioner, but his request was refused by police. He repeated this request at intervals throughout the afternoon and well into the evening, but without success. * * *"

The Supreme Court of the United States held that no constitutional rights of Cicenia were contravened and that he had no right to consult counsel during the police station investigation and prior to his presentment before a magistrate. The Court held the confession admissible. See also Crooker v. California, 357 U.S. 433, 78 S.Ct. 1278, 2 L.Ed.2d 1448.

The Crooker and Cicenia cases, supra, were commented on in the booklet, "The Problem of Police Interrogation", published by the Joint Committee on Continuing Legal Education of the American Law Institute and the American Bar Association, published in 1961, and this language taken therefrom appears to be pertinent:

"The question whether the admission of a confession taken after an arrested person, not yet formally accused, had asked to see a lawyer violated due process was raised in Crooker v. California, 357 U.S. 433 [78 S.Ct. 1278, 2 L.Ed.2d 1488] (1958) and Cicenia v. La Gay, 357 U.S. 504 [78 S.Ct. 1297, 2 L.Ed.2d 1523] (1958). In Crooker the Supreme Court answered in the negative by a 5–4 vote. The majority said that denial of the opportunity to

consult counsel was indeed one factor in determining whether a confession was coerced. To hold otherwise would effectively preclude police questioning —fair as well as unfair—until the accused was afforded opportunity to call his lawyer. Crooker and Cicenia make the point that severe restrictions on police questioning could stem from the right to the assistance of counsel at all stages of the proceedings rather than from rules respecting the 'involuntary' character of a confession."

The rule that seems to be applicable to the situation here is also stated in 2 Wharton, Criminal Evidence, section 363:

"A confession is admissible although the defendant was not represented by counsel when he made the confession, he did not know that he was entitled to be represented by counsel, he was not advised that he had the right to be represented by counsel, or he was refused an opportunity to communicate with counsel.

"The absence of counsel, however, is a circumstance to be considered in determining whether the confession was in fact voluntary or involuntary."

From the authorities shown and under the evidence presented, we are of the opinion there is no merit in appellant's contention that the confession is invalid because his counsel was not permitted to be with him at police headquarters while he was being questioned.

Wherefore, the judgments are affirmed.