Romal FERGUSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 10, 1965.

Rehearing Denied April 29, 1966.

Charles E. Keller, Louisville, for appellant.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

Appellant, Romal Ferguson, was convicted of armed robbery and given a life sentence. He appeals.

Counsel for appellant has furnished us with an exhaustive brief, containing six "points" and thirty-nine subheads. The grounds relied on for reversal may be summarized as follows:

1. The arrest was invalid

2. The confession was incompetent

3. The confession was not corroborated

4. The instructions were erroneous

5. There was improper joinder of offenses

6. The defendant was denied a speedy trial

7. Defendant was twice placed in jeopardy.

8. And miscellaneous other errors were committed.

■ Appellant complains that his arrest was illegal. He and one Oval Brooks were arrested as suspects in connection with two previous robberies, at a time when the arresting officers knew nothing of the Jasper Lindsey robbery. There was no evidence obtained incident to the arrest. No search was made that disclosed any incriminating evidence. Appellant was in no way prejudiced by the arrest.

■ It is next contended the confessions were incompetent because made involuntarily and without counsel having been previously appointed.

On appellant's motion to quash the confession, 137 pages of testimony were taken in the absence of the jury. The jailer, county judge, county attorney, sheriff, and a deputy sheriff testified appellant asked to be taken before the county judge or county attorney so he could confess. They stated appellant was advised that he did not have to testify; that any statement he made could be used against him; and that he was entitled to have an attorney appointed to represent him. The substance of their testimony was that on the day following the arrest of appellant and his companion, appellant voluntarily gave a confession at which time he stated that he could not write. This was on February 10, 1964. The jailer later reported to the county judge that appellant was able to write his name on the walls of the jail. On February 13, 1964, appellant was called into the office of the county judge and reminded of his ability to write; whereupon, he signed another confession. Appellant contradicts the testimony of all of the above named officials. It is significant that in giving his testimony in chambers on his motion to quash the confession (for he did not testify before the jury), appellant was positive and responsive when answering questions favorable to his contention, but he was incoherent and evasive when answering questions unfavorable to his position.

Whether the confessions were voluntarily made and appellant waived right to counsel presented questions of fact. The great weight of the evidence supports the findings of the trial judge. Therefore his findings will not be disturbed. Indeed, to hold otherwise would amount to the virtual disfranchisement of all the trusted public servants who testified for the Commonwealth. Bauer v. Commonwealth, Ky., 364 S.W.2d 655 (1963), and Carson v. Commonwealth, Ky., 382 S.W.2d 85 (1964).

■ Appellant argues his conviction was not warranted because the confessions, even if voluntary and competent, were not accompanied by other proof that such an offense was committed. RCr 9.60 is cited. It provides: "A confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied with other proof that such an offense was committed." Jasper Lindsey, the victim of the crime, was in a nursing home and was physically and mentally unable to attend the trial. His son testified that Lindsey told him the facts as they were detailed in the confessions. This is clearly hearsay evidence and incompetent, but there was no objection to it.

Arthur Ray Cardwell, a close neighbor of the aged and feeble Jasper Lindsey, testified that at about 1:30 a. m. the same night, and shortly after the crime was committed, Jasper Lindsey came to his home and reported what had recently occurred. Cardwell said:

"And I opened the door and he come in and he wanted to borrow some matches said somebody had broke in on him and treated him mean and took his matches and took his truss and his teeth, he told me, and said they put his fire out. Well, I loaned him some matches and he wanted me to take him home and I tried to make him understand that I would take him home and

he couldn't hear me and I wrote it down on a piece of paper and then I took him by the arm and put him in the car and took him home."

We conclude this evidence was competent under the "res gestae" exception to the hearsay rule of evidence and was sufficient proof of the "corpus delicti" to meet the requirements of RCr 9.60 above quoted. Cf. Cook v. Commonwealth, Ky., 351 S.W.2d 187 (1961), and McCormick, Evidence, section 272, page 580 (1954).

■ Appellant next contends he was entitled to an instruction on lesser offenses and cites Combs v. Commonwealth, Ky., 378 S.W.2d 626 (1964). The Combs case involved a homicide. It held that: " * * * if there is any evidence that tends to show that the crime was of less magnitude than murder, it is the duty of the court to give an instruction on such other phases of the case." In the present case, there is no evidence of a crime of less magnitude than armed robbery. Neither can there be an inference drawn from the evidence of a lesser crime. Hence, appellant was not entitled to such an instruction.

■ Complaint is made that the court erred in failing to require the Commonwealth to try together all of the indictments involving the Lindsey incident. He cites RCr 9.12 which vests in the trial judge a discretion in such situations. Appellant was not prejudiced by the ruling of the court, and the trial court did not abuse its discretion.

■ It is argued appellant was denied a speedy trial. In this connection it should be pointed out that appellant was first convicted on March 12, 1964. On appellant's motion under RCr 11.42, this conviction was set aside on June 7, 1964. He was reindicted June 9, 1964, and tried on November 4, 1964. The criminal terms of the Butler Circuit Court are held in March, June, and November. Under these circumstances we find there is no merit in appellant's contention that he was denied a speedy trial.

■ Appellant next charges that he was twice placed in jeopardy for the same offense. It is elementary that one may not complain of former jeopardy when he procured the setting aside of the earlier judgment. Rice v. Commonwealth, Ky., 387 S.W.2d 4 (1965). Cf. Terry v. Commonwealth, Ky., 371 S.W.2d 862 (1963), and Foster v. Commonwealth, Ky., 348 S.W.2d 759 (1961).

Finally, we come to the consideration of "miscellaneous" other errors assigned by appellant.

■ Objection is made to the testimony of the county judge, wherein he stated: "we had him in court—couple of months before" (the time of the trial). This testimony was given in connection with the pretense of appellant that he could not sign his name. There was no testimony that he was charged with any offense. We could just as easily presume that he was in court as a witness as the defendant, or that he was there for any number of other reasons. We think this testimony was not prejudicial.

■ It is charged that the Commonwealth Attorney made prejudicial reference to appellant as the "beast he has been in the past." A reading of the Commonwealth Attorney's closing argument leads us to conclude this reference pertained to the present crime and was fair argument. Holbrook v. Commonwealth, 249 Ky. 795, 61 S.W.2d 644 (1933), and Grigsby v. Commonwealth, 302 Ky. 266, 194 S.W.2d 363 (1946).

The failure of the trial court to instruct the jury that a unanimous verdict was required is not error. Commonwealth v. Redd, 196 Ky. 798, 245 S.W. 507 (1922).

■ Without specification appellant complains he was prejudiced by the court's impatience with his defense. The record

shows some justifiable impatience by the court during the hearing in chambers on appellant's motion to suppress the confessions. The jury did not hear any of this proceeding. We find no substantial demonstration of impatience by the trial judge in the presence of the jury. Taylor v. Commonwealth, 240 Ky. 450, 42 S.W.2d 689 (1931).

We find no errors substantially affecting the appellant's rights and hence affirm the judgment.