RENDERED:  FEBRUARY 14, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0815-MR

TRAVIS ENGLAND                                                        APPELLANT

v.          APPEAL FROM HARDIN CIRCUIT COURT
            HONORABLE JOHN DAVID SIMCOE, JUDGE
            ACTION NO. 21-CR-00114

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, L. JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Appellant, Travis England (England), was convicted of

fourth-degree assault, first-degree wanton endangerment, first-degree possession of

a controlled substance (methamphetamine), and possession of drug paraphernalia.

He was sentenced to five years' imprisonment and appeals to this Court as a matter

of right.  England raises the following arguments:  1) the Commonwealth's

opening and closing statements constituted prosecutorial misconduct; 2) a detective

offered improper opinion testimony when he narrated and interpreted still photos; 3) it was improper and prejudicial to refer to a witness as a Sexual Assault Nurse Examiner (SANE); and 4) cumulative error requires reversal.

For his first three arguments, England requests palpable error review pursuant to RCr[1] 10.26 as follows:

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.
>
> . . . For an error to rise to the level of palpable, it must be easily perceptible, plain, obvious and readily noticeable. Generally, a palpable error affects the substantial rights of the party only if it is more likely than ordinary error to have affected the judgment.

*Martin v. Commonwealth*, 409 S.W.3d 340, 344 (Ky. 2013) (internal quotation marks and citations omitted). With this standard in mind, we turn to the record at issue.

To reverse on an issue of alleged prosecutorial misconduct, the prosecutor's conduct must be flagrant, thus rendering the trial fundamentally unfair. *Brafman v. Commonwealth*, 612 S.W.3d 850, 861 (Ky. 2020). We use the

---

[1] Kentucky Rules of Criminal Procedure.

following four-factor test to determine whether a prosecutor's comments constitute reversible flagrant misconduct: "(1) whether the remarks tended to mislead the jury or to prejudice the accused; (2) whether they were isolated or extensive; (3) whether they were deliberately or accidentally placed before the jury; and (4) the strength of the evidence against the accused." *Dickerson v. Commonwealth*, 485 S.W.3d 310, 329 (Ky. 2016) (internal quotation marks and citations omitted).

In the present case, the Commonwealth repeatedly described England as a "narcissist" and a "gaslighter" during opening and closing statements.[2] We have reviewed the Commonwealth's statements, including the reading of lyrics to the song, "the Narcissist." Despite its gratuity, we cannot conclude that this constitutes "manifest injustice." Even assuming error – and that several of the aforementioned factors may weigh in England's favor – the fourth factor is controlling in this instance. The victim testified extensively concerning the underlying events. She specifically testified that England pointed a gun at her and then hit her on the back of the head with it, causing injury. She also testified that England threw a glass bottle of liquid foundation makeup at her, hitting her in her forehead and causing injury.

---

[2] Despite England's contention, nothing in the testimony with which he takes issue indicates that the Commonwealth used these terms in the context of a "medical diagnosis."

Moreover, even if nothing in the underlying crimes for which England was charged and convicted *requires* proof of deception or any other element for which allegations of "narcissism" or "gaslighting" would be vital, it may nevertheless be relevant in a domestic violence case such as the present. In any event, it is highly unlikely that any of these contested statements affected the judgment. *Martin*, 409 S.W.3d at 344. The jury acquitted England of the charge of second-degree assault, opting instead for the lesser charge of fourth-degree assault. The Commonwealth also correctly cites that the Kentucky Supreme Court has tolerated harsh language used to describe defendants in previous cases. *See Murphy v. Commonwealth*, 509 S.W.3d 34, 53 (Ky. 2017) (referring to the defendant as a "monster"); *Dean v. Commonwealth*, 844 S.W.2d 417, 421 (Ky. 1992) (referring to the defendants as "crazed animals"); *Ferguson v. Commonwealth*, 401 S.W.2d 225, 228 (Ky. 1965) (referring to the defendant as a "beast"). Such terms rival, if not exceed, the negative implications associated with "gaslighter" or "narcissist." In response, England asserts that "gaslighter" or "narcissist" were used much more frequently here than were the contested terms employed in the cases cited by the Commonwealth. While recognizing the nuance here, we cannot conclude that this constitutes "manifest injustice."

For his second argument, England claims that Detective Chitla's testimony constitutes palpable error. His brief cites nearly the entirety of the

testimony, wherein Detective Chitla explains pictorial exhibits introduced into evidence. There is nothing in the cited testimony that would constitute statements outside of Detective Chitla's personal or professional knowledge, or that was otherwise impermissible. We find no error here, certainly no palpable error.

We also find no palpable error arising from England's next argument, that it was improper and prejudicial to refer to a witness Lauren Bishop as a Sexual Assault Nurse Examiner (SANE). The basis for this contention is that England was not charged with a sexual offense, and that no such evidence was at issue. As the Commonwealth correctly cites, however, Bishop, as a forensic nurse, examined victims of any type of abuse – sexual, domestic violence, or assault. SANE was one of her specialized credentials. There was no error here. Lastly, even if error(s) occurred during trial, there is certainly no cumulative error requiring reversal. *Brown v. Commonwealth*, 313 S.W.3d 577, 631 (Ky. 2010). Based on the foregoing, we AFFIRM England's conviction and sentence.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kayley V. Barnes
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky